UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY WILBOURN, | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-456 RM |
| | ) | (Arising out of 3:01-CR-64(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent* | ) | |

## OPINION and ORDER

This matter is before the court on several filings by *pro se* petitioner Anthony Wilbourn. Following a recent denial of his motion pursuant to 28 U.S.C. § 2255, Mr. Wilbourn has filed notices of appeal, requests for a certificate of appealability, requests to proceed *in forma pauperis*, and a request that counsel be appointed to assist him. The motions all relate to the court's November 29, 2011 order denying Mr. Wilbourn's successive 28 U.S.C. § 2255 motion because he had not sought leave of the court of appeals before filing it. Therefore, the court considers all these filings together.

In 2002, Anthony Wilbourn was convicted by a jury of both bank robbery (in violation of 18 U.S.C. § 2113) and brandishing a firearm during a crime of violence (in violation of 18 U.S.C. § 924(c)). The court used the 2001 Sentencing Guidelines at sentencing and applied the Career Offender calculation in U.S.S.G. § 4B1.1, which brought Mr. Wilbourn's base offense level to 34. The court based its conclusion on three determinations: Mr. Wilbourn was over 18 when he

committed the bank robbery; the bank robbery was a crime of violence; and among Mr. Wilbourn's extensive list of convictions were felony convictions for residential burglary and criminal recklessness, which the court determined (per the then-applicable case law) to be violent felonies.

In his recent petition and several other petitions, Mr. Wilbourn has cited Begay v. United States, 553 U.S. 137 (2008) and Chambers v. United States, 555 U.S. 122 (2009), in which the Supreme Court said that, for purposes of the Armed Career Criminal Act (ACCA), driving under the influence of alcohol and failure to report were not violent felonies. Those decisions led the court of appeals to say, "We must conclude that, after Begay, the residual clause of the ACCA should be interpreted to encompass only 'purposeful' crimes." United States v. Smith, 544 F.3d 781, 786 (7th Cir. 2008). Because the ACCA language and the Career Offender language are nearly identical in determining what counts as a predicate violent felony, it was widely thought after Begay that, had someone like Mr. Wilbourn been sentenced, the Career Offender enhancement would not have applied.

In May 2010, the court of appeals decided that the rule announced in Begay, as it relates to the ACCA, could be applied retroactively on collateral review. Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010). In 2011, the court of appeals considered a matter with facts very similar to Mr. Wilbourn's and held that decisions made under the Sentencing Guidelines Career Offender section (U.S.S.G. § 4B1.1) would be reviewable on collateral review (essentially applying

2

the Begay rule retroactively on collateral review to challenge decisions made under the Sentencing Guidelines even in cases where the ACCA is not implicated and the sentence is below the statutory maximum). Narvaez v. United States, No. 09-2919, slip op. (7th Cir. Jun. 3, 2011, *amended* Dec. 6, 2011).

This continuum of cases may give the appearance that Mr. Wilbourn has a cognizable claim under 28 U.S.C. § 2255, and may lead one to the conclusion that, regardless of whether a motion is eventually granted, the issue should at least be considered on the merits. Yet the court has denied a variety of petitions filed by Mr Wilbourn on procedural grounds because he has not followed the rules governing § 2255 motions. Courts can't consider the merits of petitions brought outside the rules.

Mr. Wilbourn began filing § 2255 petitions before Begay was announced, and, once one has filed a § 2255 petition (or even a petition that is nominally under another law, but the court construes as a § 2255 petition), any additional petitions that he files are automatically successive petitions, without regard to whether they have merit. Before the court can consider a successive petition, the court of appeals must certify that petition as containing new evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244. The court has no power to consider the merits of Mr. Wilbourn's claim until the court of appeals provides the certificate. *See* Curry v. United States, 507 F.3d 603, 604–605 (7th Cir. 2007) (noting that, when a district court lacks the permission of the court of

appeals to rule on a successive petition, it lacks jurisdiction and its decision must be vacated).

When Mr. Wilbourn filed his November 2011 petition, as with his previous petitions, he didn't seek leave of the court of appeals to file a successive petition. Now that this court has denied Mr. Wilbourn's latest motion because it is a successive petition without that leave (*see* Doc. No. 186), he has filed two motions for certificates of appealability. Issuance of a certificate of appealability requires the court to find that Mr. Wilbourn has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). What Mr. Wilbourn appeals is not the merits of whether Begay and its progeny apply to him, but, rather, whether the court was correct in denying his successive petition without leave from the court of appeals. This appeal, then, is without merit and the certificate of appealability must be denied.

With regard to Mr. Wilbourn's request to proceed *in forma pauperis*, Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Wilbourn's current appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

4

Finally, the court must consider Mr. Wilbourn's request for the appointment of counsel. The court has discretion under 18 U.S.C. § 3006A(a)(2) to appoint counsel to financially eligible people who are seeking relief under 28 U.S.C. § 2255 when the interests of justice so require. Typically, it is impossible to see whether the interests of justice are implicated until a § 2255 petition is filed. The court notes, though, that Mr. Wilbourn's case is very similar to the recently decided <u>Narvaez</u> case and involves some of the issues decided in <u>Begay</u>, <u>Chambers</u>, and <u>Welch</u>. The court will grant the motion to appoint counsel for the purpose of assisting Mr. Wilbourn in determining whether he has a cognizable § 2255 claim based on <u>Begay</u> and its progeny, and, if he does, filing that motion properly. The appointment of counsel doesn't extend to appealing this court's denial of successive petitions.

This cause is assigned to the Northern District of Indiana Federal Community Defenders, Inc., 31 E. Sibley Street, Hammond, Indiana 46320 (219/937-8020), for referral of counsel to represent Mr. Wilbourn with respect to his pursuit of post-conviction relief under 28 U.S.C. § 2255. The Federal Community Defenders. is directed to determine whether it can represent Mr. Wilbourn. If not, an attorney from the Criminal Justice Act (CJA) panel should be assigned to represent him. If the Federal Community Defenders. accepts the case, this order constitutes the appointment of counsel upon the filing of an appearance with the court.

In the event that Mr. Wilbourn's appointed counsel does not feel that there is a cognizable claim under § 2255, whether for substantive or procedural reasons, then a brief notice to the court should be filed explaining why such a motion is inappropriate and requesting counsel's withdrawal from this matter.

In summary, Mr. Wilbourn's two requests for certificates of appealability (Doc. Nos. 190 & 192) are DENIED. Mr. Wilbourn's two requests to appeal the November 29, 2011 judgment of this court *in forma pauperis* are DENIED (Doc. Nos. 190 & 194). Mr. Wilbourn's request for appointment of counsel (contained in Doc. No. 190) is GRANTED, as limited above.

SO ORDERED.

ENTERED: <u>December 16, 2011</u>

<u>    /s/ Robert L. Miller, Jr.    </u>
Judge
United States District Court

cc: A. Wilbourn
    D. Schmid - AUSA
    Federal Community Defenders-Hammond